NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMIR H. BIGDELI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1481

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-18-0300-I-1.

---

Decided:  October 8, 2024

---

AMIR H. BIGDELI, Cream Ridge, NJ, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Amir H. Bigdeli has appealed the Merit Systems Protection Board's ("MSPB") final order denying his petition for review and affirming an initial decision dismissing his administrative appeal of his indefinite suspension as moot. *Bigdeli v. Dep't of the Navy*, No. PH-0752-18-0300-I-1, 2023 WL 8868787 (M.S.P.B. Dec. 21, 2023) ("*Board Decision*"). For the following reasons, we affirm.

## BACKGROUND

Mr. Bigdeli was a mechanical engineer with the Department of the Navy ("Navy"). The Navy, effective March 17, 2015, suspended him from access to classified information and from eligibility for assignment to a sensitive position. *Id.* at *1. The following day, the Navy placed Mr. Bigdeli on administrative leave for more than three years. Effective April 9, 2018, the Navy indefinitely suspended Mr. Bigdeli without pay, pending the adjudication of his security-clearance suspension. In a May 17, 2018 letter, however, the Navy informed Mr. Bigdeli that it had rescinded the decision to impose the indefinite suspension and that it would return him to a paid administrative leave status, effective immediately. Mr. Bigdeli's paid administrative leave status was also restored, retroactive to April 9, 2018.

Mr. Bigdeli appealed his (later rescinded) indefinite suspension action to the MSPB. The Navy filed a motion to dismiss the appeal as moot because the Navy rescinded Mr. Bigdeli's indefinite suspension. *Id.*

The administrative judge ("AJ") dismissed the appeal as moot. Mr. Bigdeli filed a petition for review before the MSPB alleging that he had not yet received any back pay, including the period for which he was initially suspended (April 9 to May 17, 2018), and that his indefinite suspension was reinstated by the Navy. *Id.* The Navy opposed the petition for review and asserted that Mr. Bigdeli's back pay was being processed. Both parties were ordered to

provide evidence to address how much, if any, pay was received by Mr. Bigdeli for the appropriate time period. S.A. 53–54.[1] Mr. Bigdeli was "advised that failure to respond to this Order may be deemed an admission by him that he has received all of the pay that he could have received if he had prevailed before the [MSPB] on his appeal of the [Navy]'s April 2, 2018 decision to indefinitely suspend him." S.A. 54. The Navy filed multiple submissions in response, and the MSPB determined that the Navy provided sufficient evidence to establish that Mr. Bigdeli had received back pay or other relief to which he would have been entitled. *Board Decision*, 2023 WL 8868787, at *2. Mr. Bigdeli, however, did not respond to the order. The MSPB thus affirmed the AJ's dismissal of the appeal as moot. *Id.* at *3.

Mr. Bigdeli timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In review of MSPB final decisions, we are required to affirm the decision unless "any agency action, findings, or conclusions [are] found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the [MSPB]'s decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Mr. Bigdeli challenges the Navy's alleged adverse action of an indefinite suspension without pay.[2] The Navy,

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

[2] Mr. Bigdeli also raises new and different arguments in his appeal to us that he did not present in his

however, submitted argument and evidence indicating that it rescinded that suspension and that its payroll servicer paid Mr. Bigdeli the total net amount of back pay and interest on the gross back pay. *Board Decision*, 2023 WL 8868787 at \*2. Mr. Bigdeli was advised that his failure to respond to the MSPB's order may be deemed as an admission by him that he has received all the pay that he could have received. S.A. 54. Nonetheless, Mr. Bigdeli did not respond to the order—let alone dispute the Navy's arguments and evidence.

Given the Navy's undisputed submissions—and in the absence of any arguments or evidence from Mr. Bigdeli—the petitioner has not met his burden of establishing error in the MSPB's decision that found the administrative appeal moot. Indeed, substantial evidence supports the MSPB's findings that Mr. Bigdeli has received all the back pay (and other relief) to which he would have been entitled in a successful appeal. Therefore, the MSPB did not err in its dismissal of the administrative appeal as moot.

## CONCLUSION

We have considered Mr. Bigdeli's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED

### COSTS

No costs.

---

initial appeal to the MSPB. We therefore deem that these arguments have been forfeited and they are not properly before us.